## Bail in Burglary Cases

RUTTER, Deputy Attorney General, September 16, 1940.—You have requested us to advise you whether an alderman or justice of the peace may accept bail in cases now defined as burglary, the facts of which, prior to the repeal of section 2 of the Act of April 22, 1863, P. L. 531, and the Act of March 13, 1901, P. L. 49, and the enactment of The Penal Code of June 24, 1939, P. L. 872, would have constituted the offense of "breaking and entering".

The Act of 1863, supra, was amended by the Act of 1901, supra, 18 PS §3042. Both of these statutes were repealed by section 1201 of The Penal Code, supra. Section 2 of the Act of 1863, as amended by the Act of 1901, supra, read:

"If any person shall in the day time break and enter any dwelling, house, shop, warehouse, store, mill, barn, stable, outhouse or other building, or wilfully or maliciously, either by day or by night, with or without breaking, enter the same with intent to commit any felony whatever therein, the person so offending shall be guilty of felony, and on conviction be sentenced to pay a fine not exceeding five hundred dollars, and to undergo an im-

prisonment by separate or solitary confinement at labor not exceeding ten years."

It will be observed, therefore, that the section above quoted defined two criminal offenses, viz, "breaking and entering" and burglary, the elements of which were different.

The Penal Code, supra, in section 901, however, merged the two offenses into one, to wit, burglary, which it defines as follows:

"Whoever, at any time, wilfully and maliciously, enters any building, with intent to commit any felony therein, is guilty of burglary, a felony, and upon conviction thereof, shall be sentenced to pay a fine not exceeding ten thousand dollars ($10,000), or to undergo imprisonment, by separate or solitary confinement at labor, not exceeding twenty (20) years, or both."

The Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 7, 19 PS §51, provides:

"In all cases the party accused, on oath or affirmation, of any crime or misdemeanor against the laws, shall be admitted to bail by one or more sufficient sureties, to be taken before any judge, justice, mayor, recorder or alderman where the offence charged has been committed, except such persons as are precluded from being bailed by the constitution of this commonwealth: *Provided also*, That persons accused, as aforesaid, of murder or manslaughter, shall only be admitted to bail by the supreme court or one of the judges thereof, or a president or associate judge of a court of common pleas. Persons accused, as aforesaid, of arson, rape, mayhem, sodomy, buggery, robbery or burglary, shall only be bailable by the supreme court, the court of common pleas, or any of the judges thereof, or a mayor or recorder of a city."

The foregoing Act of 1860 clearly states that a party accused of burglary shall be bailable *only* by the Supreme Court, the court of common pleas, or any of the judges thereof, or a mayor or recorder of a city.

It is our opinion, therefore, and you are accordingly advised, that any person accused of burglary, as defined in section 901 of The Penal Code, may not enter bail before an alderman or a justice of the peace.